IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAN TU TRINH,<br>        **Plaintiff,**<br><br>v.<br><br>KATHLEEN LIEN TRINH, LT<br>INTERNATIONAL BEAUTY SCHOOL<br>INC., TERRY MCKENZIE, ROBERT<br>SCOTT, and SARA LI,<br>        **Defendants.** | CIVIL ACTION<br><br><br><br>NO. 22-5242 |

## <u>MEMORANDUM OPINION</u>

Plaintiff Lan Tu Trinh, who is proceeding *pro se*, has been embroiled in a multi-year dispute with her sister, Defendant Kathleen Lien Trinh, regarding the operation and subsequent dissolution of their company, Defendant LT International Beauty School, Inc.. The Pennsylvania Superior Court has sketched out the contours of that dispute, which started in state court, as follows:

> Alleging that her sister had frozen her out of the business and illicitly started a new rival enterprise, [Plaintiff] filed a complaint and a petition for preliminary injunction raising claims of breach of fiduciary duty, corporate waste, conversion and unjust enrichment. She also demanded an equitable buyout, dissolution of the Beauty School and liquidation of all company assets . . . . After reviewing the . . . pleadings, the trial court determined that [Plaintiff] had failed to raise a genuine issue of material fact as to all claims except for the equitable buyout count. The trial court ruled that since the animosity between the parties eliminated any chance of them resuming joint business operations, the case should be resolved as quickly as possible. To expedite matters, the trial court treated [Defendant's] motion for sanctions as a motion for summary judgment, which it granted. All counts except for [Plaintiff's] equitable buyout claim were dismissed with prejudice or made moot.
>
> Subsequent to the trial court's dismissal of [Plaintiff's] claims, at a hearing on August 22, 2017, the sisters reached an agreement for a final settlement, and its terms were put on the record in open court. Both sisters were represented by counsel at the hearing. The next day, a Consent Order was executed outlining the terms for the dissolution and the winding down of the Beauty School . . . . The trial court made the terms of dissolution final but retained jurisdiction for the sole

1

> purpose of overseeing the final distribution of escrow funds, at which time the court would order all the claims of all parties in the matter dismissed with prejudice. The last paragraph of the Consent Order provides that the 'Parties agree that this Consent Order shall not be appealable.'
>
> Since the Consent Order was entered, [Plaintiff] has done everything within her power to avoid complying with that agreement . . . . The matter dragged on, and for years, [Plaintiff] refused to resolve the final distribution of escrow assets. She has filed no less than 31 appeals and related lawsuits in state and federal court (including a Petition for Writ of Certiorari to the United States Supreme Court), and so far none of those efforts have afforded [Plaintiff] any relief.

*Lan Tu Trinh v. Trinh*, 237 A.3d 1076 (Pa. Super. 2020), *app. denied sub nom. Trinh v. Trinh*, 258 A.3d 409 (Pa. 2021). The Superior Court eventually dismissed Plaintiff's state court actions with prejudice, which prompted her to file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. In July 2021, the Pennsylvania Supreme Court ultimately denied that Petition.

Plaintiff's litigation has not been contained to the state court proceedings, however, as she has filed "a flurry of federal suits[1] challenging the use, control, and disposition of assets during the period in which the LT Beauty School was in receivership, and the alleged use of Plaintiff's identity, accreditation, and credentials by [Kathleen Lien Trinh] to operate a competing beauty school, KAT Beauty School." *Trinh v. Trinh*, 2022 WL 493400, at *2 (E.D. Pa. Feb. 17, 2022).

In the instant suit, Plaintiff alleges that Defendants Kathleen Lien Trinh (her sister), Terry McKenzie and Robert Scott (employees of the United States Department of Education who Plaintiff claims impermissibly withdrew the beauty school's accreditation), and Sara Li (an employee of Citizens Business Banking who allegedly transferred funds from the beauty school's

---

[1] *See, e.g.*, *Trinh v. Citizen Business Banking*, No. 18-cv-1662 (E.D. Pa.) (Beetlestone, J.); *Trinh v. U.S. Dep't of Educ.*, No. 18-cv-1668 (E.D. Pa.) (Beetlestone, J.); *Trinh v. Trinh*, No. 18-cv-2794 (E.D. Pa.) (McHugh, J.); *Trinh v. Office of Records, City of Philadelphia*, No. 18-cv-3441 (E.D. Pa.) (Rufe, J.); *Trinh v. Trinh*, No. 18-cv-4114 (E.D. Pa.) (Rufe, J.); *Trinh v. Trinh*, No. 18-cv-4233 (E.D. Pa.) (Rufe, J.); *Trinh v. Fineman*, No. 19-cv-2305 (E.D. Pa.) (Rufe, J.); *Trinh v. Trinh*, No. 19-cv-1945 (E.D. Pa.) (Rufe, J.); *Trinh v. Fineman*, No. 20-cv-5746 (E.D. Pa.) (Rufe, J.); *Trinh v. Fineman*, No. 21-cv-2117 (E.D. Pa.) (Rufe, J.); *Trinh v. Trinh*, No. 21-cv-3595 (E.D. Pa.) (Rufe, J.).

account without Plaintiff's authorization) all violated her rights under the Fourteenth Amendment to the United States Constitution and colluded to commit "fraud, abuse of power, . . . embezzlement, open book account and accounting" in violation of Pennsylvania law. As a remedy, Plaintiff asks the Court to "overturn the decision" of the Pennsylvania Supreme Court denying her Petition for Allowance of Appeal so that the "defendants and their team[s]" can be held "accountable for their stealing, theft, fraud, and abuse of court proceedings, and to pay all the damages and losses to [her] business, properties, and life[.]"

Defendants Kathleen Lien Trinh and LT International Beauty School, Inc. now move to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). Separately, Defendants Terry McKenzie and Robert Scott move to dismiss the Amended Complaint pursuant to Rule 12(b)(6), arguing that, among other things, Plaintiff's claims against them are time-barred. For the reasons that follow, Defendants' Motions shall be granted.

### I.     LEGAL STANDARD

As Plaintiff is proceeding *pro se*, her allegations must be construed liberally at this stage. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The "relevant legal principle" therefore will be applied "even when the complaint has failed to name it." *Id*. "Missing details or superfluous material" similarly do not render a *pro se* complaint "unintelligible." *Garrett v. Wexford Health*, 938 F.3d 69, 93-94 (3d Cir. 2019). Indeed, even if it is "vague, repetitious, or contains extraneous information," a *pro se* complaint's language will ordinarily be "plain" in satisfaction of Rule 8 "if it presents cognizable legal claims to which a defendant can respond on the merits." *Id*. (citations omitted).

## II.     FOURTEENTH AMENDMENT CLAIMS

### A.     Lack of Subject Matter Jurisdiction

As a threshold matter, Defendants Kathleen Lien Trinh and LT International Beauty School Inc. argue that this Court lacks subject matter jurisdiction to consider Plaintiff's Fourteenth Amendment claim against them.

Federal Rule of Civil Procedure 12(b)(1) provides that a claim may be dismissed for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1); *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012). In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack, on one hand, "contests the sufficiency of the pleadings." *In re Schering*, 678 F.3d at 243. As the adjective suggests, such an attack considers a complaint on its face and asserts that "it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A factual attack, on the other hand, "concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (cleaned up). So, for instance, "while diversity of citizenship might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *Aichele*, 757 F.3d at 358.

Here, Defendants' Rule 12(b)(1) Motion is properly understood as a facial attack since they assert that the Amended Complaint lacks sufficient factual allegations to establish subject matter jurisdiction. *See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632-33 (3d Cir. 2017). Because a facial attack "relies solely on the pleadings," it is analyzed

under "the same standard of review [used] when assessing a motion to dismiss for failure to state a claim" under Rule 12(b)(6). *Finkelman v. NFL*, 810 F.3d 187, 194 (3d Cir. 2016). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "The court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *In re Schering*, 678 F.3d at 243 (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)), with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief," *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted).

Subject matter jurisdiction exists over two types of cases: federal question cases and diversity cases. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Here, Plaintiff contends that her claims invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331. That type of jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he grounds for jurisdiction [must] be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. C*al., 463 U.S. 1, 9-11 (1983)).

Liberally construing the Amended Complaint, which is required for *pro se* litigants, *see Vogt*, 8 F.4th at 185, the Court interprets her Fourteenth Amendment claim against Defendants

5

Kathleen Lien Trinh and LT International Beauty School Inc. as alleging a violation of 42 U.S.C. § 1983. To maintain an action under that statute, Plaintiff must plausibly allege a violation of a right secured by the Constitution or laws of the United States that was committed *by a person acting under color of state law*. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (emphases added). Here, however, Kathleen Lien Trinh and LT International Beauty School Inc. are private actors, and Plaintiff has not alleged that either of them have acted "under color of state law" as would be necessary to state a claim under Section 1983 and thereby invoke the Court's federal question jurisdiction. *See id; Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 929 (1982). Accordingly, subject matter jurisdiction does not exist over Plaintiff's Section 1983 claim against those Defendants. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous."); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal of a civil rights claim brought under 42 U.S.C. § 1983 for lack of subject matter jurisdiction where the *pro se* plaintiff failed to allege any facts sufficient to show that the defendants were state actors); *Baum-Brunner v. Lytle*, 2018 WL 1040849, at *3 (E.D. Pa. Feb. 23, 2018) ("Without pleading a state actor, a federal claim brought by [Plaintiff] fails, and we have no federal question jurisdiction.").

Although Defendant Sara Li has not moved to dismiss the Amended Complaint, federal courts, as courts of "limited jurisdiction," *Exxon Mobil Corp.*, 545 U.S. at 552, have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (citation omitted); *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (explaining that jurisdictional issues "may be raised at any time and courts have a duty to

consider them *sua sponte*"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because Plaintiff has failed to allege that Li—also a private actor—has acted "under color of state law," *West*, 487 U.S. at 48, her Section 1983 claim will be dismissed against Li as well.

Ordinarily, dismissals for lack of subject matter jurisdiction are made without prejudice. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999). But Plaintiff has been on notice of the jurisdictional deficiencies in her pleadings after the Court dismissed the Original Complaint in this action— a dismissal the Third Circuit affirmed. *See Trinh v. Trinh*, 2024 WL 4501078, at *1 (3d Cir. Oct. 16, 2024). Further, as described above, Plaintiff has been litigating these same claims in some form or another for the last six years, several of which claims have been dismissed for lack of subject matter jurisdiction due to the absence of a state actor. *See, e.g.*, *Trinh v. Trinh*, 2022 WL 493400, at *4 (E.D. Pa. Feb. 17, 2022) ("Plaintiff's claims, while numerous, fail to clearly fall within this Court's limited subject matter jurisdiction."); *Trinh v. Citizen Bus. Banking*, 2019 WL 2331450, at *2 (E.D. Pa. May 29, 2019), *aff'd*, 807 F. App'x 196 (3d Cir. 2020) ("In the absence federal question or diversity jurisdiction, this action must be dismissed for lack of subject matter jurisdiction.").

Against that backdrop, allowing Plaintiff further leave to amend would be futile because the fundamental "legal inadequacy" regarding her Section 1983 claims against private actors "cannot be solved by providing a better factual account of the alleged claim." *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (citing *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 517 (3d Cir. 2007)); *see also Yoder*, 671 F. App'x at 29 ("Because [Plaintiff's] purported § 1983 claim was 'wholly insubstantial and frivolous,' the District Court's dismissal of her complaint for lack of jurisdiction was proper.

7

Furthermore, because we agree with the District Court that amendment of the complaint would be futile, the District Court did not err when it dismissed the complaint with prejudice."). Thus, her Section 1983 claim against Defendants Kathleen Lien Trinh, LT International Beauty School Inc., and Sara Li shall be dismissed with prejudice.

### B.     Failure to State a Claim

Plaintiff also brings a Fourteenth Amendment claim against Defendants Terry McKenzie and Robert Scott—employees of the United States Department of Education—alleging that they allowed her sister to "steal [Plaintiff's] name" and unlawfully "transfer accreditation to open her own school without any experience or qualification for financial aid."[2] "There is no federal statutory cause of action against persons who, acting under color of federal law, violate a plaintiff's constitutional rights." *Henry v. Essex Cnty.*, 113 F.4th 355, 360 (3d Cir. 2024). But in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and its progeny, the Supreme Court authorized such a private right of action in limited circumstances. "In the case giving the doctrine its name, the Supreme Court held there is a cause of action for damages when a federal agent, acting under color of his authority, conducts an unreasonable search and seizure in violation of the Fourth Amendment." *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (citing *Bivens*, 403 U.S. at 389). In the decade following *Bivens*, the Supreme Court recognized two additional causes of action under the Constitution: first, for a congressional staffer's gender discrimination claim under the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 244 (1979), and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 19 (1980). Since then, the

---

[2] In Plaintiff's Response Brief, she also contends that McKenzie and Scott violated her First Amendment rights under a similar theory. But that claim appears nowhere on the face of the Amended Complaint, so it will not be considered here. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)).

Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants," *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001), and "has not implied additional causes of action under the Constitution," *Egbert v. Boule*, 596 U.S. 482, 491 (2022).  "Instead, in recognition that separation of powers principles are central to the analysis, the Court has 'made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity.'"  *Kalu v. Spaulding,* 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)).

"Reflecting these concerns, the Supreme Court has set forth a two-step inquiry to determine the availability of Bivens remedies in a particular case."  *Id.* at 326.  First, it must be determined whether the "case presents a new *Bivens* context"—*i.e.*, whether the "case is different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court.  *Ziglar*, 582 U.S. at 139.  "Only three cases serve as a benchmark: *Bivens*, *Davis*, and *Carlson*," and the "understanding of a 'new context' is broad."  *Kalu*, 113 F.4th at 326 (citing *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)).  Second, if the case indeed presents a new context, it then must be ascertained whether there are any "special factors counselling hesitation" in extending *Bivens*. *See Ziglar*, 582 U.S. at 136.

Assuming without deciding that Plaintiff has plausibly stated a *Bivens* claim against McKenzie and Scott under that two-step framework—an assumption that is questionable at best given that "[t]he Fourteenth Amendment only applies to actions of the states and not to the federal government," *Brown v. Philip Morris, Inc*., 250 F.3d 789, 800 (3d Cir. 2001); *see also Berk v. Hollingsworth*, 2020 WL 6867216, at *5 (D.N.J. Nov. 23, 2020) (finding it inappropriate to extend a *Bivens* remedy to a Fourteenth Amendment claim); *Blanding v. Fed. Bureau of Prisons*, 2021 WL 5139912, at *5 (E.D. Pa. Nov. 4, 2021) (stating that a Fourteenth Amendment

claim "do[es] not resemble the three *Bivens* contexts the Supreme Court recognizes")—Plaintiff's claim against them nonetheless must be dismissed because it is time-barred.

Because "Congress has not established a federal statute of limitations for *Bivens* actions," *Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988), they are "governed by the applicable state's statute of limitations for personal-injury claims," *DePack v. Gilroy*, 764 F. App'x 249, 251 (3d Cir. 2019) (citing *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). To that end, Pennsylvania law provides a two-year statute of limitations period for personal injury claims. *See* 42 Pa. C.S. § 5524. Although Pennsylvania law covers the *length* of the statute of limitations applicable to *Bivens* actions, "[f]ederal law governs a cause of action's *accrual date*." *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citation omitted and emphases added); *Peguero v. Meyer*, 520 F. App'x 58, 60 (3d Cir. 2013) (applying accrual principle to *Bivens* actions). And "[u]nder federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (citations and internal quotation marks omitted). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at 634.

Here, it is apparent on the face of the Amended Complaint that the latest possible date at which Plaintiff became aware of her alleged injury was April 17, 2018, the date on which she "submitted [her] claim against the U.S. Department of Education to the U.S. District Court." *Cf. Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (explaining that a "complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint"). That means, under Pennsylvania

law, Plaintiff must have filed any *Bivens* claim predicated upon that injury by April 17, 2020. But she filed the Amended Complaint in the instant action on October 29, 2024, which is four-and-a-half years too late and therefore renders her claim time-barred.[3] Accordingly, because Plaintiff's *Bivens* claim falls outside the applicable statute of limitations, McKenzie and Scott's Motion to Dismiss shall be granted in this respect and her *Bivens* claim against them shall be dismissed with prejudice. *Cf. Campbell v. Cnty. of Morris*, 852 F. App'x 73, 76 (3d Cir. 2021) (citing *Haberle v. Troxell*, 885 F.3d 170, 182 n.12 (3d Cir. 2018)) (affirming dismissal of a Section 1983 claim with prejudice because the claim was barred by the applicable statute of limitations, thus rendering any further amendment "futile").

### III.    STATE LAW CLAIMS

#### A.    Supplemental Jurisdiction

Generously construing the Amended Complaint, Plaintiff also brings Pennsylvania state law claims for fraud, embezzlement, and civil conspiracy against all Defendants. Plaintiff contends supplemental jurisdiction should be exercised over those claims pursuant to 28 U.S.C. § 1367.

That statute, in relevant part, states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). It also provides, however, that a district court "may decline to exercise supplemental jurisdiction over a [state law] claim if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." *Id.* § 1367(c)(3). Moreover, the Third Circuit has determined that

---

[3] McKenzie and Scott were named as Defendants for the first time in the Amended Complaint.

11

"where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citing *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis added).

As explained above, Plaintiff brings two claims that could fall within the Court's original jurisdiction: (1) a Section 1983 claim against Kathleen Lien Trinh, LT International Beauty School Inc., and Sara Li; and, (2) a *Bivens* claim against Robert McKenzie and Terry Scott. But those claims shall be dismissed with prejudice as to all Defendants. And none of the parties identify anything unique or exceptional about this case such that "the considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification" for exercising supplemental jurisdiction over Plaintiff's state law claims. *Id*. Accordingly, the Court will exercise its discretion to "decline . . . supplemental jurisdiction" over Plaintiff's state law claims, *see* 28 U.S.C. § 1367(c)(3), and shall dismiss them without prejudice to Plaintiff's right to raise them in state court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Fourteenth Amendment claim against Kathleen Lien Trinh, LT International Beauty School Inc., Sara Li, Terry McKenzie, and Robert Scott shall be dismissed with prejudice. And in the absence of any live federal claims, the Court declines to exercise supplemental jurisdiction over her state law claims, which shall be dismissed without prejudice. An appropriate order follows.

**BY THE COURT:**

S/ **WENDY BEETLESTONE**
_____
**WENDY BEETLESTONE, J.**